UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20535-LENARD/GOODMAN

JOSE MENDEZ,

    Plaintiff,

v.

PRESTIGE TRANSPORTATION
SERVICE, LLC, and
RICARDO HERNANDEZ,

    Defendants.
_____/

**PLAINTIF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiff, by and through the undersigned counsel, hereby files this Motion to Enforce Settlement Agreement and states the following in support thereof:

1. On February 8, 2017, the Parties came to an agreement to resolve the dispute for Eight Thousand dollars ($8,000.00) and Plaintiff filed a Notice of Settlement to inform the Court. DE 48

2. On February 9, 2017, the Court order the Parties to file Settlement Agreement with the Court for Approval. DE 49

3. On March 13, 2017, the Parties filed a Joint Motion for Settlement Approval and for Dismissal of the instant action. DE 50

4. On March 15, 2017, the Court entered an Order approving the Settlement Agreement, dismissing the case with prejudice, and retaining jurisdiction for the purpose of enforcing the Parties' Settlement Agreement. DE 52

5. Pursuant to the Settlement Agreement between the Parties, Defendants promised to pay the total sum of $8,000.00 by no later than ten (10) days after Court approval—consequently, Defendant was required to make full payment by March 25, 2017. A true and correct copy of the fully executed Settlement Agreement is attached hereto as **Exhibit** "**A**."

6. The Parties further agreed that "Should Defendants, jointly and severally, fail to make payment of the Settlement Funds. . . Plaintiff's counsel shall give written notice via e-mail to Defense Counsel, Richard Richards, rrichards@rgattorneys.com." *See* Exhibit A.

7. The Parties further agreed that if Defendants did not cure the default within 5 days of notice, Plaintiff would be entitled to a Final Default Judgment against Defendants in the amount of $8,000.00 and attorneys fees and costs incurred for enforcement.

8. On April 17, 2017, the undersigned sent notice to Defense counsel's e-mail that payment had not been received—Defendants did not respond. *See* e-mail correspondence attached hereto as **Exhibit** "**B**."

9. Again on May 9, 2017, the undersigned advised Defense Counsel via e-mail that payment was overdue—Defendants did not respond. *See Id*.

10. On May 15, 2017, advised Defense counsel that the 5 days notice of default had expired and that Plaintiff would be filing a Motion to Enforce the Agreement. *See Id*.

11. On May 18, 2017, Defense Counsel replied that they were waiting for their client to respond as to payment status. *See Id*.

12. On May 25, 2017, the undersigned e-mailed Defense Counsel requesting a response with a date certain by which Defendants would make full payment or the Motion to Enforce would be filed in 2 days. *See Id*.

13. On May 30, 2017, Defense counsel requested wire instructions and funds by June 2, 2017—the undersigned responded on June 2, 2017 with the requested information. *See Id*.

14. To date, the Defendants have failed to make payment of the Settlement Funds and Plaintiff was compelled to bring the foregoing Motion to Enforce.

WHEREFORE, Plaintiff respectfully requests this Court to enter Final Judgment against Defendants, Order payment of the Settlement Funds to Plaintiff, and award Plaintiff the reasonable attorneys' fees and costs incurred for enforcement of the Agreement and collection of the funds.

## **MEMORANDUM OF LAW**

### I. **Motion to Enforce Settlement Agreement**

Basic contract law applies to determine whether a settlement agreement is enforceable, and in Florida, the objective test is used to determine whether such a contract is enforceable. *Robbie v. Miami,* 469 So.2d 1384, 1385 (1985); *Gaines v. Nortrust Realty Management, Inc.,* 422 So.2d 1037 (Fla. 3d DCA 1982). The party seeking enforcement of a settlement agreement has the burden of establishing assent by the opposing party. *Williams v. Ingram,* 605 So.2d 890, 893 (Fla. 1st DCA 1992).

For a settlement agreement to be enforced, the agreement must be "sufficiently specific and mutually agreeable on every essential agreement." *Don L. Tullis & Assocs. v. Benge,* 473 So.2d 1384, 1386 (Fla. 1st DCA 1985). Courts look to traditional notions of offer and acceptance, and basic contract law, to determine whether an enforceable contract exists. *See Robbie,* 469 So.2d at 1385. "Settlement agreements are highly favored, and will be enforced whenever possible." *Id.*

In *Beharrie-Lue v. Felt Home Care, Inc.*, 2010 WL 2985650 (S.D. Fla. 2010), the Southern District of Florida granted Plaintiff's Motion to Enforce Settlement Agreement & for Entry of Final Judgment & Attorney's Fees. The Court reasoned,

> "The meeting of the minds in this case is quite clear. Here, the parties submitted a joint motion to review and approve the settlement which attached a copy of the settlement agreement executed by both sides. In addition, counsel for the parties attended a fairness hearing at which the Court determined the settlement to be both fair and reasonable. Therefore, the Court finds that the settlement is enforceable and grants Plaintiff's Motion." *Id*.

In this case, the Parties filed a Joint Motion for Approval of Settlement and attached the settlement agreement executed by both sides. *See* DE 50. On March 15, 2017, the Court entered an Order dismissing the case with prejudice and stated, "Having reviewed the Settlement Agreement pursuant to Lynn's Food, the Court finds that the agreement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."

Pursuant to the Settlement Agreement between the Parties, Defendants promised to pay the total sum of $8,000.00 by no later than ten (10) days after Court approval—consequently, Defendant was required to make full payment by March 25, 2017. Plaintiff properly notified the Defendants (on several occasions) that they were in default of payment—Plaintiff also provided Defendants with ample opportunity to cure the default. The undersigned made all efforts to avoid expending additional time and resources; however, the only avenue for relief has proved to be the filing of this Motion.

WHEREFORE, Plaintiff respectfully requests this Court to grant Plaintiff's Motion to Enforce Settlement Agreement, to enter a Final Judgment against Defendants, and order Defendants to pay the Settlement Funds and the additional Attorneys Fees and Costs incurred for enforcement and collection.

## **CERTIFICATE OF CONFERRAL**

The undersigned certifies that she has conferred with Defense Counsel in a good faith attempt to resolve the foregoing issues; however, the Parties were unable to do so.

## **CERTIFICATE OF SERVICE**

THIS HEREBY certifies a true and correct copy of the foregoing has been filed and served via CM/ECF on this 16th day of June, 2017.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, Second Floor
Miami, Florida 33126
Ph: (305) 547-1234
Fax: (305) 266-1151
1st Email: amorgado@coronpa.com
2nd Email: crm@coronapa.com

**By:/s/ Allyson Morgado, Esq**
Ricardo Corona, Esq.
FBN: 111333
Allyson Morgado, Esq.
FBN: 91506